UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-41440-SWR

**SYLVIA ANN CHATMAN,**  Chapter 7

    Debtor.  HON. STEVEN W. RHODES

_____/

### MOTION TO DISMISS CHAPTER 7 CASE UNDER 11 U.S.C. § 707(b)(3)

Habbo G. Fokkena, United States Trustee, for his Motion to Dismiss this Bankruptcy Proceeding, states as follows:

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(3).

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 23, 2008.

3. The Debtor's gross income annualizes to over $67,000. The Debtor has no minor dependants, but she does list her 23 year old son as a dependant on her Schedule of Income.

4. The Debtor's obligations are primarily consumer debts. The Debtor's nonpriority unsecured debt totals $22,003.00.

### The Legal Standard Under 11 U.S.C. § 707(b)(3):

5. Section 707(b)(3) provides:

In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -

(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

6. The BAPCPA thus replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts, or lacked honesty in his or her dealings with creditors. *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy").

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

7. The granting of relief to this Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

8. The Debtor's Schedule I lists net monthly income of $3,930.99.

9. The Debtor's Schedule J lists monthly expenses of $3,917.99.

10. As scheduled, the Debtor has a net monthly surplus of $13.99.

11. Some of the Debtor's expenses appear to exceed what is reasonable and necessary, including;

    a. $288 for automobile insurance, which seems to include insurance for her adult son,

2

b. $250 "School books for Son," which appears excessive in any respect and may not be reasonable and necessary, and

c. $550 for food, which might include support for her adult son.

12. Eliminating the schoolbook expense alone would allow the Debtor to redirect the $250/month, or $3000/year to be paid toward creditors. Even if normal college books were permitted as an expense, over $2000/year should still be available.

13. Reducing the other listed expenses by one-third would free up approximately $280 each month, or $3400/year. When combined with the savings on books, the Debtor's available funds exceed $5000/year and are sufficient to repay all scheduled unsecured debt in full in less than 60 months.

14. In addition, the Debtor appears to be over-withholding for her taxes. Her deductions exceed one-third of her gross pay, and she estimates a tax refund for 2007 of $3600. If accurate, and consistent, the Debtor could repay her debt even faster by at a rate of about $300/month.

15. The Debtor's attempt to obtain relief under Chapter 7 when she can make meaningful contributions in a Chapter 13 plan constitutes an abuse of the provisions of Chapter 7. *In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989), *In re Keating,* 298 B.R. 104, 110 (Bkrtcy. E.D. Mich. 2003).

16. It is reasonable to expect an individual, with no true dependants, earning almost $67,000, to be able to pay her necessary living expenses and still have something left over to repay creditors.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

    Respectfully submitted,

    **HABBO G. FOKKENA**
    **UNITED STATES TRUSTEE**
    Region 9

    By:    /s/ Paul J. Randel (P58419)
            Paul.Randel@usdoj.gov
            Trial Attorney
            Office of the U.S. Trustee
            211 West Fort Street - Suite 700
            Detroit, Michigan 48226
            (313) 226-4541

Dated: April 28, 2008

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-41440-SWR

**SYLVIA ANN CHATMAN,**  Chapter 7

    Debtor.  HON. STEVEN W. RHODES
_____/

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

**THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above captioned case under the provisions of § 707(b)(3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

**IT IS ORDERED** that this case is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-41440-SWR

**SYLVIA ANN CHATMAN,**  Chapter 7

Debtor.  HON. STEVEN W. RHODES

_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

The Office of the United States Trustee has filed papers with the court to dismiss the above entitled case pursuant to 11 U.S.C. § 707(b)(3).

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.)

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 15 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

U. S. Bankruptcy Court
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:   Paul J. Randel, Esq.
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**HABBO G. FOKKENA**
**UNITED STATES TRUSTEE**
Region 9

By:  /s/ Paul J. Randel (P58419)
Paul.Randel@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort Street - Suite 700
Detroit, Michigan 48226
(313) 226-4541

Dated: April 28, 2008

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-41440-SWR

**SYLVIA ANN CHATMAN,**  Chapter 7

    Debtor.  HON. STEVEN W. RHODES
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I served copies as follows:

1. Documents Served: *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(3), Notice of Motion* and *Certificate of Service.*

2. Served Upon: Sylvia Ann Chatman
9738 Michael Dr.
Ypsilanti, MI 48197

3. Method of Service: First Class Mail

    **HABBO G. FOKKENA**
    **UNITED STATES TRUSTEE**
    Region 9

By: /s/ Edward Dorda
EdwardM.Dorda@usdoj.gov
Paralegal Specialist
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
313.226.4531

Dated: April 28, 2008